IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD B. WIELAND,

           **Plaintiff,**

    v.                                      CASE NO. 17-CV-3199-SAC

(FNU) RUCKER, et al.,

           **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This pro se civil rights action was filed pursuant to 42 U.S.C. § 1983 by a prisoner currently confined at the Ellsworth Correctional Facility in Ellsworth, Kansas. Plaintiff proceeds in forma pauperis and alleges that constitutional violations occurred during his pre-trial confinement at the Shawnee County Department of Corrections ("SCDC") in Topeka, Kansas. He brings suit against SCDC and various employees. As relief, he requests $180,000.00 and mental health or medical treatment for conditions that "may arise" because of the alleged conditions.

### I. Procedural Background

Plaintiff initially filed this action in the United States District Court for the District of Maryland. (Doc. 1). After conducting an initial review, that court determined that Kansas was the appropriate venue for this action and, under 28 U.S.C. §1406(a), transferred the case to this district for all further proceedings. (Docs. 3 and 4).

On December 22, 2017, this court directed plaintiff to submit a certified financial statement to support his application to proceed in forma pauperis. (Doc. 5). The court also directed plaintiff to submit an amended complaint on the proper forms which presents a clear statement of plaintiff's claims and the relief he seeks. *Id.* On March 2, 2018, plaintiff provided the required certified

1

financial statement and filed an amended complaint. (Docs. 9 and 10). Based upon the financial statement, the court granted plaintiff's motion for leave to proceed without prepayment of fees and assessed no initial partial filing fee because plaintiff has insufficient funds with which to do so. (Doc. 11). Plaintiff remains obligated to make monthly payments under 28 U.S.C. § 1915(b)(2) until he pays the full amount of the $350.00 filing fee.

## II. Allegations in the Amended Complaint

Notwithstanding the court's order that plaintiff set out his claims using the form complaint without referring to an attached narrative statement, the amended complaint submitted by plaintiff does exactly that. The court has carefully reviewed plaintiff's statement and concludes that plaintiff brings following claims.

Plaintiff alleges that during his 20-month confinement, cells and living areas of the SCDC segregation unit were contaminated with mold, feces, blood stains, and pepper spray residue, and that inmates in segregation were not allowed to have cleaning materials. He conclusorily alleges that inmates may spend months in the same cell without access to cleaning materials. Plaintiff further alleges that on September 12, 2017, the inmate in a neighboring cell urinated on the floor, under the door, and onto the walkway; smeared feces on the door and walls; and purposely caused his toilet to overflow, which flooded plaintiff's cell with contaminated toilet water. Plaintiff was moved the next day to another cell, which he alleges had feces smeared on the wall, door, and window.

Plaintiff further alleges that the SCDC regularly remained in "lockdown" status for 48-96 consecutive hours, which he contends violated his constitutional rights as a pre-trial detainee because during lockdown periods he had no access to common areas, the outdoor courtyard, exercise areas, showers, or cleaning materials.

Finally, plaintiff alleges that SCDC officials improperly punished him and other segregation inmates who committed rules violations by housing them for multiple days in the suicide prevention and close observation cells, which lacked chairs, tables, beds, toilets, and sinks, and provided no access to exercise areas, the dayroom, or common areas.

Plaintiff contends that these violations have caused him to develop severe separation anxiety disorder, manic depression, paranoid thoughts, anxiety, and depression.

### III.     Screening Under 28 U.S.C. § 1915A

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## IV.  Analysis

### A.  Exhaustion of Administrative Remedies

Having considered plaintiff's allegations, the court finds that plaintiff's complaint about the suicide prevention and close observation cells is subject to dismissal because it appears from the complaint, narrative attachment, and attached grievances that he has not exhausted administrative remedies. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).  The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies.  *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Plaintiff provides no information about efforts (or lack thereof) regarding exhaustion on this claim and it is therefore subject to dismissal.

### B.  Failure to State a Claim

The court finds that plaintiff's remaining complaints about facility cleanliness and the deprivations purportedly caused by the length of lockdowns are subject to dismissal because they state no constitutional violations. "The Constitution does not mandate comfortable prisons, ..., but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).[1]

First, plaintiff makes numerous allegations about the experiences of the general inmate population at SCDC. He lacks standing to do so, however. "General observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993). To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Id.* at 289. The court lacks the ability to decide general grievances concerning prison management, and can consider claims only to the extent an inmate alleges a violation of his own constitutional rights. *Sperry v. Wildermuth*, 2017 WL 2555967, *5 (D. Kan. June 13, 2017) (collecting cases). Accordingly, plaintiff lacks standing to bring his generalized claims regarding the cleanliness of living areas and the lack of access to cleaning materials of the segregation unit.

And, plaintiff's particularized complaints about the cleanliness of the cells where he resided do not rise to the level to state a constitutional claim of deliberate indifference under the

---

[1] Because plaintiff is a pretrial detainee, his claims are governed by the Due Process Clause. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir.2002). However, while plaintiff's rights are secured by the Fourteenth Amendment, the courts apply the identical analysis used in cases arising under the Eighth Amendment for evaluating claims of unconstitutional conditions of confinement. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998) ("Although the Due Process Clause [of the Fourteenth Amendment] governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." 164 F.3d 490, 495 (10th Cir.1998) (internal citations omitted)). The court therefore analyzes plaintiff's claims under the Eighth Amendment standard.

Eighth Amendment. To do so, plaintiff must show both an objective component – that he was incarcerated under conditions posing a substantial risk of harm, and a subjective component – that prison officials were deliberately indifferent to his safety. *Verdecia v. Adams,* 327 F.3d 1171, 1175 (10th Cir. 2003) (citing *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). Inmate exposure to sewage – such as that which plaintiff experienced when the toilet overflowed and flooded – can constitute a serious risk of harm sufficient to satisfy the objective component. *Shannon v. Graves,* 257 F.3d 1164, 1168 (10th Cir., 2001). Such a claim rises to the level of a constitutional violation only if a plaintiff can show that prison officials acted with deliberate indifference to the exposure. Plaintiff was provided with towels to soak up the water and was later moved to another cell when "Officer Reamer was made aware" that plaintiff had spent the night in a "biohazard risked room". Plaintiff has not demonstrated a "wanton and obdurate disregard for inmate health and safety" and therefore has not stated a constitutional violation. *Id.* at 1169. His complaints about moving to a cell which had feces smeared on the wall, door, and window is similarly problematic. In such cases, whether a violation occurs depends both on the "level of filth" and the length of time the prisoner must endure it. *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001). Here, plaintiff's general allegations provide insufficient detail regarding the "level of filth" nor the period of time he personally experienced it. The court therefore finds his allegation insufficient to state a constitutional violation.

Finally, plaintiff's conclusory allegations about lockdowns and the resulting limitations on his access to common areas, the outdoor courtyard, exercise areas, showers, or cleaning materials are insufficient to state a constitutional violation. "[P]enological considerations may, in certain circumstances, justify restrictions" on out-of-cell exercise. *Mitchell v. Rice,* 954 F.2d 187, 192 (10th Cir. 1992). Similarly, the denial of a shower for several days is not sufficient to state an

Eighth Amendment claim for relief, *Uman v. Hoffer*, 2011 WL 4496596, *2 (D. Kan. Sept. 27, 2011), and a bare allegation that plaintiff was not provided with cleaning supplies during the lockdown periods also fails to state a claim for relief. *Id.* Finally, while the lack of outside exercise for extended periods can amount to an Eighth Amendment claim, *Mitchell*, 954 F.2d at 191, plaintiff makes no such allegation. Rather, he complains that during lockdowns, which occur with more frequency than he would like and which last longer than he believes necessary, his constitutional rights are violated. This is insufficient to state an Eighth Amendment claim.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted until April 19, 2018, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's claims should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2018, at Topeka, Kansas.

                                            **s/Sam A. Crow**
                                            **U. S. Senior District Judge**